UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                                     Case No. 05-90027

v.                                                           Honorable John Corbett O'Meara

JOSEPH MICHAEL GAMRAT,

    Defendant.
_____/

**ORDER DENYING MOTION FOR HEARING ON JURY INSTRUCTIONS**

This matter came before the court on the November 20, 2006 Joint Motion of the Parties Requesting a Hearing on Jury Instructions. No response was filed, and no oral argument was heard. The parties requested that the court "grant a hearing on the parties' proposed jury instructions in advance of trial." Motion at 2.

Defendant Joseph Michael Gamrat was charged in a First Superseding Indictment on May 17, 2006, with the following offenses: Count One, Receiving Explosive Materials in violation of 18 U.S.C. § 842(a)(3)(A); Count Two, Felon in Possession of Explosives in violation of 18 U.S.C. § 842(i)(1); and Count Three, Manufacturing Explosives in violation of 18 U.S.C. § 842(a)(1). The government intends to dismiss Counts One and Two.

Count Three states, "On or about August 3, 2004, . . . defendant JOSEPH MICHAEL GAMRAT knowingly engaged in the business of manufacturing explosives, without having a license or permit to do so, in violation of Title 18, United States Code, Section 842(a)(1)." The parties have informed the court that they disagree about the proper language of proposed jury instructions regarding the term "engaged in the business."

Defendant's position is that the jury should be instructed that they must find that being "engaged in the business" of manufacturing explosives means that "the defendant devoted time, attention, and labor to manufacturing explosives as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the explosives manufactured." Motion br. at 3. In addition, Defendant submits that the term "with the principal objective of livelihood and profit" means that "the intent underlying the sale or disposition of explosives is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal explosives collection." Id.

The government's position is that the jury should be instructed that "engaged in the business" means that "the defendant was engaged in an activity, affair, role, or matter in which he manufactured explosives." The government argues that it need not be proven that the defendant intended "to sell, seek livelihood or profit, but may instead have manufactured explosives for his own use." Id. at 3-4.

The United States Code defines "manufacturer" as "any person engaged in the business of manufacturing explosive materials for purposes of sale or distribution or for his own use." 18 U.S.C. § 841(h).

The following pattern jury instruction from the United States Court of Appeals for the Seventh Circuit is instructive:

> 1) Manufacturing Explosive Material Without a License–Elements: To sustain the charge of manufacturing explosive materials without a license, the government must prove the following propositions: First, the defendant was a manufacturer of explosive materials; and second, the defendant did not have a license, issued by the Secretary of the Treasury, permitting him to act as a manufacturer of explosive materials.

  2)  Definition of Manufacturer of Explosive Materials: A manufacturer of explosive materials is a person engaged in the business of manufacturing explosive materials for the purposes of sale or distribution or for his own use.

Seventh Circuit Criminal Jury Instructions, Title 18 Offenses, § 842.

  If called upon to decide the language to be used in the jury instructions if this matter were to proceed to trial, the court would find in favor of the government on this issue. Accordingly, it is hereby **ORDERED** that the parties' motion requesting a hearing on jury instructions is **DENIED.**

          s/John Corbett O'Meara
          United States District Judge

Dated: November 29, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 29, 2006, by electronic and/or ordinary mail.

          s/William Barkholz
          Case Manager